WILLIAM M. NARUS, CAB #243633
Acting United States Attorney
District of Oregon
**PARAKRAM SINGH, OSB #134871**
Assistant United States Attorney
Parkaram.Singh@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorney for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:24-cr-00342-SI-003 |
| v. | **GOVERNMENT'S MEMORANDUM REGARDING PRETRIAL DETENTION** |
| **JUSTICE DEL CARPIO** | |
| **Defendant.** | |

## I.   INTRODUCTION

The United States respectfully moves this Court to deny the temporary release sought by defendant Justice Del Carpio (DEL CARPIO), and to keep the defendant detained pending trial because DEL CARPIO has failed to present sufficient evidence to show that compelling reasons exist such that release is necessary.

## II.   PROCEDURAL BACKGROUND

On September 10, 2024, a federal grand jury returned a two-count indictment charging DEL CARPIO with Conspiracy to Kidnap and Kidnapping in violation of 18 U.S.C. § 1201(c) and 18 U.S.C. § 1201(a)(1).  DEL CARPIO has been in custody since his arrest on September

24, 2024. DEL CARPIO was transferred from Florida to Oregon in custody and he did not seek release after his initial appearance in this district. The Honorable Jolie A. Russo detained the defendant as a flight risk and a danger to the community (ECF No. 28). The Court entered the order detaining DEL CARPIO and noted that he may request a detention review hearing without making the required showing to reopen a detention hearing under 18 U.S.C. § 3l42(f). *Id*. For this hearing, DEL CARPIO does not seek pre-trial release, however, seeks a narrower form of release, temporary release. Since the scheduling of this hearing U.S. Pretrial has prepared a report for the hearing, the report does not support pre-trial release. The government opposes this request and asks the Court to order the continued detention of DEL CARPIO pending trial.

## III.    LEGAL STANDARD

For release under 18 U.S.C. § 3142(i), "[defendant] must show that his temporary release is necessary for the preparation of his defense or advance another compelling reason. He bears that burden. *United States v. Cox*, 449 F. Supp. 3d 958, 962 (D. Nev. 2020). *See also*, "[a] defendant has the burden of showing that temporary release is "necessary for preparation of the person's defense" under Section 3142(i). See *United States v. Jeffries*, No. 3:10–CR–100, 2011 WL 182867, at 4, (E.D.Tenn. Jan. 20, 2011) ("[T]he Court finds that the Defendant has failed to show that his release is necessary for the preparation of his defense."); *United States v. Birbragher*, No. 07–CR–1023–LRR, 2008 WL 2246913, at 1–2, (N.D. Iowa 2008)." *United States v. Dupree*, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011).

The Bail Reform Act authorizes a detention hearing under 18 U.S.C. §§ 3142(f)(1) or (f)(2). A detention hearing is appropriate if a defendant is accused of one of the crimes listed in section 3142(f)(1). All three counts in this indictment authorize a detention hearing under 18 U.S.C. § 3142(f)(1)(A).

**Government's Memorandum Regarding Pretrial Detention**                                             **Page 2**

The Bail Reform Act provides that defendants shall be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government bears the burden of establishing risk of flight by a mere preponderance of the evidence. *See United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

18 U.S.C. § 3142(g) sets forth the statutory factors to consider: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, history relating to drug or alcohol abuse, and supervision status at the time of the current offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Finally, the Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *Winsor*, 785 F.2d at 756; *see also United States v. Bibbs*, 488 F. Supp. 2d 925, 925-26 (N.D. Cal. 2007).

## IV.     FACTUAL BACKGROUND

On November 10, 2023, an Oregon resident, D.J.J., was kidnapped from outside of his Portland, Oregon apartment. D.J.J. was brutally assaulted over a period of several hours and robbed of cryptocurrency until early the next morning (November 11, 2023), when he was left bound to a post in an empty field in North Plains, Oregon. A passer-by found D.J.J. still bound to

**Government's Memorandum Regarding Pretrial Detention**                                          **Page 3**

the post later that morning and contacted law enforcement. D.J.J. was transported to the hospital and treated for numerous injuries, including right pneumothorax (i.e., collapsed lung), multiple fractured ribs, and multiple fractured fingers, among other ailments. Investigators believe D.J.J. was targeted because of his past engagement in criminal activity, to include SIM swapping and wire fraud violations involving the theft of millions of dollars of cryptocurrency. D.J.J. may have also been targeted because of a renewed engagement in criminal activity.

Investigators identified at least four Florida residents who conspired together to conduct the kidnapping and extortion, co-defendants: Cordova, Moreno, DEL CARPIO, and Reves On September 10, 2024, an indictment was filed against these defendants in the United States District Court for the District of Oregon. The defendants were charged in that indictment for kidnapping and conspiring to kidnap D.J.J., and arrest warrants were issued.

## V. NO CONDITIONS CAN REASONABLY ASSURE DEFENDANT'S APPEARANCE AS REQUIRED AND PROTECT THE COMMUNITY FROM THE DANGER POSED BY DEFENDANT'S RELEASE

This Court cannot fashion any combination of conditions that would reasonably assure DEL CARPIO's appearance at future proceedings. DEL CARPIO has been unable to establish that the original basis for detention is no longer a concern and that compelling reasons now exist that warrant temporary release. DEL CARPIO's personal circumstances and the nature and gravity of his offenses render him too significant of a risk and too incentivized to flee, and no conditions could effectively mitigate that risk.

This Court has already identified the reasons why DEL CARPIO represents a danger to the community and a flight risk. If during this limited hearing DEL CARPIO challenges that finding, the government provides the below arguments in support of detention.

In making the detention determination, the court should consider the factors set forth in Section 3142(g), including (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Winsor*, 785 F.2d at 757.

### A.     Factor 1:  DEL CARPIO Is Facing Significant and Serious Charges

DEL CARPIO has been charged with serious crimes—Conspiracy to Kidnap and Kidnapping. During the commission of his crime, he and his co-defendants brutally beat the victim for financial gain; going as far as breaking fingers to extract information. The kidnapping charges carry a statutory maximum sentence of life in prison.

### B.     Factor 2:  The United States Has Strong Evidence of Defendant's Guilt

The weight of the evidence is overwhelming.  The United States has video footage showing DEL CARPIO, while masked, committing the kidnapping, as well as video footage of DEL CARPIO at the residence where they stayed. The government has evidence of them surveilling the victim, planning and preparing the attack. The government has evidence of the vehicle rentals for the vehicle used to kidnap D.J.J. as well as several additional evidentiary links connecting all four defendants and other as yet unindicted co-conspirators.  In short, the United States has strong evidence ready to prove DEL CARPIO's guilt at trial beyond a reasonable doubt.

### C.     Factor 3:  Defendant's History and Characteristics Show He is a Danger and Presents a Risk of Nonappearance

DEL CARPIO's history and characteristics also favor detention. Analysis of this factor includes the person's character, physical and mental condition, family ties, employment,

financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law. *See* § 3142(g)(3)(A) and (B).

DEL CARPIO has limited criminal history and enjoys the support of family. He has never resided in this district. He only travelled here to kidnap and assault another person. DEL CARPIO has had significant struggles with lawful and gainful employment. DEL CARPIO is currently the subject of another investigation from a separate federal district that involves wire fraud activity. DEL CARPIO engaged in fraud activity before the kidnapping, it formed the motive for the kidnapping, and he continued in that conduct after the kidnapping was over till his arrest. His current employment status remains speculative and that limits his financial resources. DEL CARPIO plans to reside with his father or grandmother, however neither of his family members can be expected to appropriately monitor DEL CARPIO's actions or whereabouts since he has engaged in years of criminal behavior while previously residing with them.

**D.     Factor 4:  Defendant Remains a Danger to the Community**

In evaluating the nature and seriousness of the danger a defendant poses to the community, the Court may consider, *inter alia*, the defendant's criminal history; whether the crimes charged required intelligence, planning, capital, facility in deception, international communications, or international motives; and whether the charged crimes carry severe

penalties.[1] *See United States v. Townsend*, 897 F.2d 989, 996 (9th Cir. 1990). DEL CARPIO planned and executed a sophisticated and violent kidnapping. The abduction involved significant planning, deception, and intelligence. On the date of the charged conduct, he utilized a well-planned conspiracy and significant resources to kidnap and then steal crypto currency. It is not feasible for pre-trial services or his family to limit his access to such items. Neither can pre-trial meaningfully monitor contact between DEL CARPIO and his siblings who are implicated in criminal conspiracies alongside him.

The charges in this case involve the potential for a life sentence. When taken together with defendant's willingness to hurt someone, his access to resources—as demonstrated during the abduction, his residential and employment instability, and significant ongoing criminal activity that was unabated till his arrest, there is a tremendous danger to the community if he is released.

A summary of DEL CARPIO's proffered argument for release is that he was previously residing with his great-grandmother who is advanced in age. He is agreeable to a GPS monitoring and a self-surrender at the conclusion of the release. He states no due process concerns, no medical concerns for his own person, or any other substantial reasons. What concerns the government is that complete lack of ties to the District of Oregon, and the return of the defendant to a familial environment where the conspiracy was originally hatched. All we have is his word that he will return and no means by which to ensure that he follows through

---

[1] Other factors listed in *Townsend*, such as the defendant's prior performance on court-imposed supervision; whether the defendant illegally possessed firearms or large quantities of prohibited drugs; and, whether the defendant was on probation, parole, supervised release, or subject to conditions of pretrial release, are inapplicable here. *Townsend*, 897 F.2d at 996.

**Government's Memorandum Regarding Pretrial Detention**      **Page 7**

with his obligations. The risk posed by this experiment to the safety of the community is too great.

A review of the Section 3142(g) factors demonstrates by clear and convincing evidence that DEL CARPIO is a danger to the community and more than a preponderance of the evidence that DEL CARPIO will fail to appear when ordered to do so:

| Factor Favoring Detention | Factors Favoring Release |
|---|---|
| Serious crimes involving kidnapping and significant injuries to a victim | Short duration of release |
| Residential and employment instability | Support of family and friends |
| No ties to the District of Oregon | |
| Weight of the evidence | |
| Pre-meditated act involving intelligence, planning, and skill, financial resources, demonstrating continued dangerousness | |
| Charged crimes carry a life in prison statutory maximum | |

Accordingly, the Court should deny DEL CARPIO's request for temporary release and order that he be detained pending trial.

Dated: July 23, 2025

Respectfully submitted,

WILLIAM M. NARUS
Acting United States Attorney

*/s/ Parakram Singh*
PARAKRAM SINGH, OSB #134871
Assistant United States Attorneys